————o————

No. 6908.

## JAMES B. ROSSER, JR., v. MRS SOPHIE JAHRAUS, WIDOW OF ANTHONY MONTELEONE, NOW WIFE OF DR. A. B. JANNARELLI.

### *Syllabus.*

Questions of fact only are involved.

Appeal from the Civil District Court, Parish of Orleans, No. 115,987, Division "D"; Honorable Porter Parker, Judge. Affirmed.

James B. Rosser, Jr., for plaintiff and appellee.

E. Howard McCaleb, for defendant and appellant.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

The sole question involved is the value of the services as attorney at law for which plaintiff sues; for the employment is established beyond question, defendant's husband, Dr. Jannarelli, having engaged plaintiff's services for defendant's account and the latter with full knowledge of the employment having availed herself of the benefits of plaintiff's labor in her behalf.

The particular work for which plaintiff was engaged was to investigate and report upon the condition of the Succession of Anthony Monteleone, defendant's late husband, whose estate, then under administration, was inventoried at more than $800,000.00, defendant's interest therein being one-half as widow in community.

The employment necessitated the making of a detailed abstract of the succession proceedings; an investigation of debts due and of true values of the property inventoried, especially of certain unlisted stock; a determination and report upon the status of policies of life insurance held by decedent; the delicate matter of revoking a power of attorney held by defendant's son-in-law, whom she did not wish to offend, and the substitution of her second husband, Dr. Jannarelli, as her agent; the preparation of a defense to a suit against defendant attacking the validity of the sale to her and others of his succession rights by one of the heirs, her son; and above all, the difficult, trying and prolonged labor of advising, explaining and making all these things clear to a client slow of comprehension, vacillating and additionally handicapped by the lack of experience in such matters.

Two prominent and experienced attorneys who testified in the case, as well as the trial Judge, concluded that a fee of $500.00 was very moderate under the foregoing cir-

216

cumstances, which involved moreover numerous visits of defendant and her husband to plaintiff's office and at least one lengthy conference at her residence.

We concur in that conclusion and the judgment is accordingly affirmed.

Affirmed.